UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HENDRIK BLOCK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GENNARO'S LIMITED LIABILITY COMPANY, et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-00192-VKD<br><br>**ORDER RE JANUARY 12, 2022 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 50 |

　　　　The parties ask the Court to resolve a discovery dispute concerning plaintiff Hendrik Block's deposition discovery. The Court deems this matter suitable for resolution without oral argument. Civil L.R. 7-1(b).

　　　　Mr. Block advises that he wishes to take the depositions of defendants Gennaro's Limited Liability Company and Ganeskrupa 86 Corporation pursuant to Rule 30(b)(6), as well as the individual depositions of Gennaro Passaro, Nehal Patel, Michael Severson, and Balbir Singh. Dkt. No. 50 at 1-2. For each prospective witness, Mr. Block provides a summary of the information he expects to obtain in deposition. *Id.* at 2. Defendants object to this deposition discovery as "excessive and disproportional to the value of this case" and further object that "the burden/expense outweighs the likely benefit." *Id.* Defendants provide little support for these objections. They assert that Mr. Block is "attempting to run up his legal fees or pressure the Defendants into paying an extorted settlement amount to avoid the deposition discovery." *Id.* They also assert, without further elaboration, that Mr. Block has obtained all of the information he needs through written discovery and document production. *Id.* Defendants also object that discovery should be stayed because of the pendency of another action filed by a different plaintiff against the same defendants. *Id.* at 2-3.

It is not clear from the parties' submission whether all of the individual witnesses are party witnesses, or whether some are non-parties who cannot be compelled to testify without a subpoena. As for the party witnesses, Mr. Block has demonstrated that limited deposition discovery is both relevant and proportional to the needs of the case. Defendants' objections regarding proportionality are not specific and they do not explain or support their argument that deposition discovery is unnecessary given other discovery Mr. Block has already obtained. The Court has already concluded that the pendency of another action against defendants is not good cause to delay discovery in this action and will not revisit that decision here. The fact that defendants recently moved to seek consolidation of this action with another action also is not good cause to stay discovery pending resolution of that motion.

For these reasons, the Court orders defendants to produce party witnesses for the depositions Mr. Block has requested. However, the Court accepts the premise that the typical ADA case requires only limited deposition discovery, and Mr. Block does not argue that this case is atypical in any respect. Accordingly, Mr. Block's Rule 30(b)(6) depositions of each defendant may not exceed 3 hours each, and his depositions of individual party witnesses may not exceed 2 hours each. In addition, because Mr. Block waited until December 20, 2021 to request any depositions, the Court will extend the period for Mr. Block to take the depositions of party witnesses by 14 days to **February 14, 2022**, but this extension is *solely* to accommodate defendants' and their counsel's schedule; if defendants wish to produce their witnesses for deposition before January 31, 2022, they may insist that Mr. Block take the depositions by that date.

The Court will not compel the deposition testimony of any non-party witness in the absence of a subpoena, or without affording such non-party witness an opportunity to object to the deposition and be heard on its objection.

**IT IS SO ORDERED.**

Dated: January 13, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge

2