UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HENDRIK BLOCK,<br><br>    Plaintiff,<br><br>    v.<br><br>GENNARO'S LIMITED LIABILITY COMPANY, et al.,<br><br>    Defendants. | Case No. 21-cv-00192-VKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO BE RELIEVED AS COUNSEL OF RECORD**<br><br>Re: Dkt. No. 52 |

Plaintiff Hendrik Block brought this action based on accessibility barriers he claims he encountered at a store in San Jose, California. Dkt. Nos. 1, 33. The docket indicates that defendant Gennaro's Limited Liability Company ("Gennaro's") owns the real property at the subject address; defendant Ganeshkrupa 86 Corporation ("Ganeshkrupa 86") owns and operates the store in question. *See* Dkt. No. 43 ¶¶ 2, 3.

Attorney Stephan A. Barber now moves for an order permitting him and the law firm JRG Attorneys at Law[1] to withdraw from representation of Gennaro's and Ganeshkrupa 86 pursuant to Civil Local Rule 11-5. Dkt. No. 52. On January 18, 2022, the Court issued an interim order directing defense counsel to serve a copy of the motion and the January 18 interim order on each defendant and to file a proof of service with the Court. Dkt. No. 53. Each defendant was given until February 3, 2022 to object or otherwise respond to defense counsel's motion to withdraw from representation. *Id.* The docket indicates that defense counsel sent notice to each defendant by mail and email on January 19, 2022. Dkt. No. 55. The Court has not received any objection or

---

[1] The docket indicates that there is one other attorney of record at JRG Attorneys at Law, Stephen Craig Cox. In view of the nature of the reasons proffered for withdrawal, the Court assumes that the present motion also seeks an order relieving Mr. Cox as defense counsel of record, even though he is not specifically mentioned in the motion.

response to the pending motion from either of the defendants or from plaintiff Hendrik Block.

The matter is deemed suitable for determination without oral argument. Civil L.R. 7-1(b). For the reasons discussed below, counsel's motion to withdraw as to Ganeshkrupa 86 is granted. The motion to withdraw is denied without prejudice with respect to Gennaro's.

"Counsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case." Civil L.R. 11-5(a). Until the client obtains other representation, motions to withdraw as counsel may be granted on the condition that current counsel continue to serve on the client all papers from the Court and from opposing parties. Civ. L.R. 11-5(b).

"In the Northern District of California, the conduct of counsel is governed by the standards of professional conduct required of members of the State Bar of California, including the Rules of Professional Conduct of the State Bar of California." *Hill Design Group v. Wang*, No. C04-521 JF (RS), 2006 WL 3591206, at *4 (N.D. Cal. Dec. 11, 2006) (citing *Elan Transdermal Limited v. Cygnus Therapeutic Sys.*, 809 F. Supp. 1383, 1387 (N.D. Cal.1992)); *see also Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). Rule 1.16(a)[2] provides that a lawyer "shall withdraw from the representation of a client if," among other circumstances, "the lawyer knows[] or reasonably should know[] that the representation will result in a violation of these rules or of the State Bar Act." Cal. R. Prof'l Conduct 1.16(a)(2). Rule 1.16(b) describes the circumstances in which an attorney may withdraw from representation, including where:

- "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively;"
- "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable[] warning after the breach that the lawyer will withdraw unless the

---

[2] Rule 1.16 was formerly Rule 3-700. *See* http://www.calbar.ca.gov/Attorneys/Conduct-Discipline/Rules/Rules-of-Professional-Conduct (noting that new Rules of Professional Conduct became effective November 1, 2018).

2

      client fulfills the agreement or performs the obligation"; or

- "a continuation of the representation is likely to result in a violation of these rules or the State Bar Act."

Cal. R. Prof'l Conduct 1.16(b)(4), (5), (9).

   Even where circumstances permit withdrawal, counsel may not "terminate a representation until [counsel] has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client . . . ." Cal. R. Prof'l Conduct 1.16(d). These steps include (1) giving the client sufficient notice to permit the client to retain other counsel; (2) at the client's request, promptly releasing the client's materials and property to the client; and (3) promptly refunding any part of a fee or expense paid in advance that the lawyer has not earned or incurred. Cal. R. Prof'l Conduct 1.16(d), (e).

   The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when deciding a motion for withdrawal, including: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal might cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Deal v. Countrywide Home Loans*, No. 09-CV-01643-SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

   There appear to be two main reasons Mr. Barber and his firm seek to withdraw from representation: a purported conflict of interest between the two defendants, and unreasonable conduct by one or both defendants. Mr. Barber states that he seeks to be relieved as defense counsel because "[o]ne client's actions and inactions are potentially prejudicial to the other client's interests in the litigation," and "[a]s a result of recent developments, there is now an irreconcilable conflict of interests between the Defendants which prohibits JRG from jointly representing the two Defendants or continuing to represent one of them." Dkt. No. 52 ¶¶ 3, 6. Mr. Barber's declaration further states that "[o]ne client is in material breach of the attorney-client fee agreement pertaining to this action, including the failure to pay for JRG's services," and that "[o]ne client is failing to reasonably cooperate with their attorneys, and [he has] essentially lost

3

communication with this client despite trying to communicate through emails, voice messages, and texts." *Id*. ¶¶ 4, 5. It is unclear in the present motion which defendant is being described, although Mr. Barber has elsewhere indicated in other court filings that he has lost contact with Gennaro's. Dkt. No. 54 at 2. Mr. Barber says that he cannot continue to represent either defendant: "The California Rules of Professional Conduct require the Defendants to have separate counsel and I cannot withdraw from the representation of one client and continue to represent the other client because of the confidential information JRG possesses concerning both clients." Dkt. No. 52 ¶ 7.

After Mr. Barber filed the present motion to withdraw, Ganeshkrupa 86 submitted a notice and proposed order indicating that it has now obtained new counsel. Dkt. No. 60.[3] In view of that notice, the motion to withdraw from representation of Ganeshkrupa 86 is granted. The only remaining issue is whether Mr. Barber and his firm have provided a sufficient basis justifying withdrawal from representation of Gennaro's.

On the record presented, the potential prejudice that withdrawal may cause to Mr. Block and Ganeshkrupa 86 appears minimal. As noted above, both were given notice of the present motion and neither has filed any objection or response. Additionally, Ganeshkrupa 86 has since obtained new and separate counsel of its own.

However, the Court does not have sufficient information to determine whether counsel's withdrawal from representation of Gennaro's is otherwise appropriate. The Rules of Professional Conduct prohibit attorneys from representing a client if there is a significant risk their representation of the client will be materially limited by the lawyer's responsibilities to or relationships with another client. *See* Cal. R. Prof'l Conduct 1.7(a) ("A lawyer shall not, without informed written consent[] from each client . . . represent a client if the representation is directly adverse to another client in the same or a separate matter."); Cal. R. Prof'l Conduct 1.7(b) ("A lawyer shall not, without informed written consent[] from each affected client . . . represent a client if there is a significant risk the lawyer's representation of the client will be materially

---

[3] The Court will concurrently file Ganeshkrupa 86's proposed order regarding the substitution of new counsel.

limited by the lawyer's responsibilities to or relationships with another client, a former client or a third person,[] or by the lawyer's own interests."). The present motion, however, simply asserts without elaboration that "[o]ne client" has potentially prejudiced the other's litigation interests; "[o]ne client" has breached an agreement to pay fees; and that "recent developments" have given rise to "an irreconcilable conflict of interests between the Defendants," preventing continued representation of either defendant. Dkt. No. 52 ¶¶ 3, 4, 6. The extent of Mr. Barber's efforts "to communicate through emails, voice messages, and texts" (Dkt. No. 52 ¶ 5) is also unclear.

Absent a more specific explanation regarding the nature of the alleged conflict of interest or Mr. Barber's and his firm's efforts to comply with Rule of Professional Conduct 1.16(d) and (e), the Court cannot determine whether Mr. Barber and JRG Attorneys at Law have taken reasonable steps to avoid reasonably foreseeable prejudice to Gennaro's rights, including allowing sufficient time for Gennaro's to retain other counsel. These factors are significant, as Gennaro's cannot proceed in this litigation without counsel. *See* Civ. L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."); *see also Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *In re Highley*, 459 F.2d 554, 555 (9th Cir.1972) ("A corporation can appear in a court proceeding only through an attorney at law.").

Accordingly, the motion to withdraw as counsel of record for Gennaro's is denied without prejudice. If Mr. Barber renews his motion to withdraw from representing Gennaro's, the renewed motion must (without disclosing privileged communications) inform the Court of the nature of the conflict of interest that he believes precludes him and his firm from representing Gennaro's in this action, and he must also explain his and his firm's efforts to comply with Rule of Professional Conduct 1.16(d) and (e).

**IT IS SO ORDERED.**

Dated: February 9, 2022



VIRGINIA K. DEMARCHI
United States Magistrate Judge

5