United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HENDRIK BLOCK,<br><br>    Plaintiff,<br><br>    v.<br><br>GENNARO'S LIMITED LIABILITY COMPANY, et al.,<br><br>    Defendants. | **ORDER DENYING DEFENDANTS' MOTION TO CONSOLIDATE CASES**<br><br>Case No. 21-cv-00192-VKD<br><br>Re: Dkt. No. 41 |
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>GENNARO'S LIMITED LIABILITY COMPANY, et al.,<br><br>    Defendants. | Case No. 21-cv-08102-SVK<br><br>Re: Dkt. No. 15 |

Plaintiff Hendrik Block brought this action based on accessibility barriers he claims he encountered at a store in San Jose, California. Dkt. Nos. 1, 33. The docket indicates that defendant Gennaro's Limited Liability Company ("Gennaro's") owns the real property at the subject address; defendant Ganeshkrupa 86 Corporation ("Ganeshkrupa 86") owns and operates the store in question. *See* Dkt. No. 43 ¶¶ 2, 3.

Defendants now move to consolidate the present action with a later-filed disability rights lawsuit filed against them by plaintiff Scott Johnson, Case No. 5:21-cv-08102-SVK *Johnson v. Gennaro's Limited Liability Company, et al.* Although they do not dispute that the two cases concern the same defendants, the same property and overlapping alleged accessibility barriers, Mr. Block and Mr. Johnson both oppose the motion. The matter is deemed suitable for determination

1    without oral argument. Civil L.R. 7-1(b). The February 22, 2022 hearing is vacated. Upon
2    consideration of the moving and responding papers and the applicable law, the Court denies
3    defendants' motion to consolidate these actions.
4        Rule 42 of the Federal Rules of Civil Procedure governs consolidation of cases and
5    provides, in relevant part, that "[i]f actions before the court involve a common question of law or
6    fact" then "the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2)
7    consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R.
8    Civ. P. 42(a). The "district court has broad discretion under this rule to consolidate cases pending
9    in the same district." *Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d
10   777, 777 (9th Cir. 1989). In determining whether to consolidate cases, courts weigh interests of
11   convenience and economy against the potential for delay, confusion, and prejudice caused by
12   consolidation. *Sw. Marine, Inc. v. Triple A Machine Shop, Inc*., 720 F. Supp. 805, 806-07 (N.D.
13   Cal. 1989); *see also Prime Media Group, LLC v. Acer Am. Corp.*, No. 12-cv-05020-BLF, 2015
14   WL 12979102, at *2 (N.D. Cal. May 26, 2015) ("[W]hen determining whether to consolidate
15   cases for trial, the Court should consider (1) the risk of delaying trial, (2) the risk of prejudice and
16   confusion, and (3) the potential burden on the parties, witnesses, and available judicial
17   resources.") (internal quotations and citation omitted). As the parties seeking consolidation,
18   Gennaro's and Ganeshkrupa 86 bear the burden of demonstrating that consolidation of the cases
19   would promote convenience and judicial economy. *Snyder v. Nationstar Mortgage LLC*, No. 15-
20   cv-03049-JSC, 2016 WL 3519181, at *2 (N.D. Cal. June 28, 2016) (citing *Wright v. United States*,
21   No. C 92-1290 BAC, 1993 WL 313040, at *1 (N.D. Cal. Aug. 6, 1993)).
22       The interests of convenience and economy would not be served by consolidating the
23   actions filed by Mr. Block and Mr. Johnson. Most notably, Mr. Johnson filed his complaint nearly
24   nine months after Mr. Block's action was filed, and the two cases are at entirely different stages of
25   litigation. *Snyder*, 2016 WL 3519181 at *3 ("A court may deny consolidation where two cases are
26   at different stages of preparedness for trial."). Mr. Johnson's matter apparently is proceeding
27   through the procedure set in General Order No. 56, which requires, among other things, a joint site
28   inspection of the premises at issue, followed by a settlement meeting, and failing settlement, a

United States District Court
Northern District of California

mediation. By contrast, the parties in Mr. Block's case are well past the General Order No. 56 proceedings. Indeed, with a limited exception for the completion of certain depositions,[1] fact discovery has closed and the case is set for trial in early September 2022. Dkt. No. 29. Consolidation would prejudice Mr. Johnson, who apparently has not had the opportunity to conduct discovery, if his case were to proceed on the schedule set for Mr. Block's case. Conversely, consolidation would prejudice Mr. Block were the Court to delay the trial of his case to accommodate Mr. Johnson. While the parties are encouraged to share common information across cases to the extent it may be beneficial to do so, the Court is unpersuaded that consolidation necessarily would result in greater efficiency in the discovery process or at trial.

Accordingly, defendants' motion to consolidate the present action with Mr. Johnson's case is denied.

**IT IS SO ORDERED.**

Dated: February 16, 2022

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] In view of the recent substitution of counsel for Ganeshkrupa 86, the Court granted a limited extension for Mr. Block to complete certain depositions. Dkt. No. 64.