1

2

3

4            UNITED STATES DISTRICT COURT

5            NORTHERN DISTRICT OF CALIFORNIA

6                    SAN JOSE DIVISION

7

8    HENDRIK BLOCK,                          Case No.  21-cv-00192-VKD

                 Plaintiff,
9
                                             **ORDER CONDITIONALLY**
10        v.                                  **GRANTING RENEWED MOTION TO**
                                             **BE RELIEVED AS COUNSEL**
11   GENNARO'S LIMITED LIABILITY
     COMPANY, et al.,                        Re: Dkt. No. 65
12
                 Defendants.
13

14          The Court previously granted in part and denied in part a motion by Attorney Stephan A.

15   Barber and the law firm JRG Attorneys at Law[1] to withdraw as counsel of record for defendants.

16   The motion was granted with respect to defendant Ganeshkrupa 86 Corporation ("Ganeshkrupa

17   86").[2]  Dkt. No. 62.  The Court denied without prejudice the motion to withdraw as counsel for

18   defendant Gennaro's Limited Liability Company ("Gennaro's").  If they chose to file a renewed

19   motion, the Court requested that counsel provide additional information about the nature of the

20   conflict of interest that precludes their continued representation of Gennaro's, as well as their

21   efforts to comply with Rule of Professional Conduct 1.16(d) and (e).  *Id.*

22          Messrs. Barber and Cox and JRG Attorneys at Law have filed a renewed motion to

23   withdraw as counsel for Gennaro's.  Dkt. No. 65.  Pursuant to the Court's interim order, counsel

24   filed a certificate of service indicating that they sent Gennaro's notice of the pending motion to

25

26   ─────────────────────
     [1] Although he was not specifically included in the motion, the Court assumed that the request to
27   withdraw was also being made on behalf of attorney Stephen Cox.

28   [2] Ganeshkrupa 86 has obtained other counsel.  Dkt. Nos. 63, 64.

withdraw on February 15, 2022.  Dkt. Nos. 66, 67.  The Court received no objection or other response from Gennaro's by the ordered February 22, 2022 deadline.  Neither Ganeshkrupa 86 nor plaintiff Hendrik Block has expressed any objection to counsel's request to withdraw from representation.  The matter is deemed suitable for determination without oral argument.  Civil L.R. 7-1(b).  For the reasons discussed below, the Court conditionally grants the renewed motion to withdraw as counsel for Gennaro's.

"Counsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case."  Civil L.R. 11-5(a).  Until the client obtains other representation, motions to withdraw as counsel may be granted on the condition that current counsel continue to serve on the client all papers from the Court and from opposing parties.  Civil L.R. 11-5(b).

"In the Northern District of California, the conduct of counsel is governed by the standards of professional conduct required of members of the State Bar of California, including the Rules of Professional Conduct of the State Bar of California."  *Hill Design Group v. Wang*, No. C04-521 JF (RS), 2006 WL 3591206, at *4 (N.D. Cal. Dec. 11, 2006) (citing *Elan Transdermal Limited v. Cygnus Therapeutic Sys.*, 809 F. Supp. 1383, 1387 (N.D. Cal.1992)); *see also Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal).  Rule 1.16(a) provides that a lawyer "shall withdraw from the representation of a client if," among other circumstances, "the lawyer knows[] or reasonably should know[] that the representation will result in a violation of these rules or of the State Bar Act."  Cal. R. Prof'l Conduct 1.16(a)(2).  Rule 1.16(b) describes the circumstances in which an attorney may withdraw from representation, including where:

- "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively;"
- "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable[] warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation"; or

United States District Court
Northern District of California

- "a continuation of the representation is likely to result in a violation of these rules or the State Bar Act."

Cal. R. Prof'l Conduct 1.16(b)(4), (5), (9).

Even where circumstances permit withdrawal, counsel may not "terminate a representation until [counsel] has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client . . . ." Cal. R. Prof'l Conduct 1.16(d). These steps include (1) giving the client sufficient notice to permit the client to retain other counsel; (2) at the client's request, promptly releasing the client's materials and property to the client; and (3) promptly refunding any part of a fee or expense paid in advance that the lawyer has not earned or incurred. Cal. R. Prof'l Conduct 1.16(d), (e).

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when deciding a motion for withdrawal, including: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal might cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Deal v. Countrywide Home Loans*, No. 09-CV-01643-SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

In its ruling on counsel's prior motion to withdraw, the Court concluded that the potential prejudice to Mr. Block and Ganeshkrupa 86 was minimal, but that additional information was needed regarding the nature of the purported conflict between the defendants. Dkt. No. 62. In their renewed motion, counsel explain that a dispute has arisen between Gennaro's (as landlord) and Ganeshkrupa 86 (as tenant) over their lease, which may result in litigation. Dkt. No. 65 (Barber Declaration ¶ 6; Cox Declaration ¶ 6). Counsel aver that they are in possession of confidential information of both defendants that may bear on defendants' dispute. *Id.* Additionally, counsel reiterate assertions from their original motion to withdraw that "[o]ne client's actions and inactions are potentially prejudicial to the other client's interests in the litigation;" "[o]ne client is in material breach of the attorney-client fee agreement pertaining to this action, including the failure to pay for JRG's services;" and "[o]ne client is failing to reasonably cooperate with their attorneys" and

1    counsel has "lost communication with this client despite trying to communicate through emails, voice

2    messages, and tests." *Id.* (Barber Declaration ¶¶ 3-5; Cox Declaration ¶¶ 3-5).  Other court filings

3    indicate that Gennaro's is the client with whom counsel have lost contact.  *See* Dkt. No. 54 at 2.

4         The Rules of Professional Conduct prohibit attorneys from representing a client if there is

5    a significant risk their representation of the client will be materially limited by the lawyer's

6    responsibilities to or relationships with another client.  *See* Cal. R. Prof'l Conduct 1.7(a) ("A

7    lawyer shall not, without informed written consent[] from each client . . . represent a client if the

8    representation is directly adverse to another client in the same or a separate matter."); Cal. R.

9    Prof'l Conduct 1.7(b) ("A lawyer shall not, without informed written consent[] from each affected

10   client . . . represent a client if there is a significant risk the lawyer's representation of the client

11   will be materially limited by the lawyer's responsibilities to or relationships with another client, a

12   former client or a third person,[] or by the lawyer's own interests.").  In view of counsel's

13   explanation regarding the nature of the conflict of interest between the defendants, and given the

14   minimal prejudice to the other litigants, the Court concludes that withdrawal is required and that

15   the administration of justice would be served by conditionally permitting counsel to withdraw as

16   counsel of record for Gennaro's as follows:

17      1.  The motion to withdraw is granted subject to the condition that Messrs. Barber and

18         Cox and JRG Attorneys at Law shall continue to accept service of papers for the

19         purpose of forwarding them to Gennaro's until Gennaro's obtains substitute counsel or

20         until the Court orders otherwise.  Civil L.R. 11-5(b).

21      2.  <u>Gennaro's is advised that it may not appear pro se or through its corporate officers, but</u>

22         <u>must retain new counsel forthwith to represent it in this lawsuit</u>.  *See* Civ. L.R. 3-9(b)

23         ("A corporation, unincorporated association, partnership or other such entity may

24         appear only through a member of the bar of this Court."); *see also Rowland v.*

25         *California Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the

26         better part of two centuries . . . that a corporation may appear in the federal courts only

27         through licensed counsel."); *In re Highley*, 459 F.2d 554, 555 (9th Cir.1972) ("A

28         corporation can appear in a court proceeding only through an attorney at law.").

United States District Court
Northern District of California

1    <u>Gennaro's is further advised that it retains all of the obligations of a litigant, and its</u>

2    <u>failure to obtain an attorney may lead to an order striking its pleadings or entry of its</u>

3    <u>default</u>.  *See United States v. High Country Broad. Co, Inc*., 3 F.3d 1244, 1245 (9th

4    Cir. 1993) (per curiam); *see also Adobe Sys. Inc. v. Software Tech.*, No. 5:14-cv-

5    02140-RMW, 2015 WL 6956632 (N.D. Cal. Nov. 10, 2015).

6    3.  Messrs. Barber and Cox and JRG Attorneys at Law shall serve a copy of this order on

7        defendants no later than **February 28, 2022**, and file a proof of service with the Court.

8        Counsel shall specifically advise Gennaro's that Gennaro's is prohibited from

9        representing itself in federal court, and that if Gennaro's fails to obtain substitute

10       counsel, the Court may enter default judgment against it.

11   4.  Gennaro's must obtain new counsel who must file a notice of substitution by **March 18,**

12       **2022** or show good cause why additional time to obtain new counsel is required.

13   5.  If Gennaro's does not obtain new counsel by March 18, 2022 Mr. Barber shall file a

14       declaration that identifies the last known address of Gennaro's and certifies that he has

15       complied with this order.

16   6.  Upon the filing of a notice of substitution of counsel or receipt of Mr. Barber's declaration,

17       the Court will order further proceedings as necessary.

18       **IT IS SO ORDERED.**

19   Dated: February 23, 2022

20

21   

22   VIRGINIA K. DEMARCHI
     United States Magistrate Judge

23

24

25

26

27

28

United States District Court
Northern District of California